Slip Op. 20-6

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **AIREKO CONSTRUCTION, LLC,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>    **Defendant,**<br><br>**and**<br><br>**SOLARWORLD AMERICAS, INC.,**<br><br>    **Defendant-Intervenor.** | **Before: Claire R. Kelly, Judge**<br><br>**Court No. 15-00319** |

## OPINION AND ORDER

[Sustaining the U.S. Department of Commerce's determination that the solar modules of Aireko Construction, LLC, are subject to the antidumping and countervailing duty orders covering crystalline silicon photovoltaic products from the People's Republic of China.]

Dated: January 13, 2020

Peter S. Herrick, Peter S. Herrick, P.A., of St. Petersburg, FL, for plaintiff Aireko Construction, LLC.

Joseph H. Hunt, Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant.  With him on the brief were Jeanne E. Davidson, Director, and Tara K. Hogan, Assistant Director.  Of counsel was Ian McInerney, Attorney, Office of the Chief Counsel for Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

Timothy C. Brightbill and Laura El-Sabaawi, Wiley Rein LLP, of Washington, D.C. for defendant-intervenor SolarWorld Americas, Inc.

Kelly, Judge:  This action is before the court on a U.S. Court of International Trade

56.2 motion for judgment on the agency record.  See Pl.'s Br. Supp. Pl.'s Mot. J. Agency

R., July 31, 2019, ECF No. 57 ("Pl.'s Mot. & Br.").  Plaintiff Aireko Construction, LLC

("Aireko") challenges the U.S. Department of Commerce's ("Commerce" or "Department")

scope ruling in its antidumping and countervailing duty ("AD/CVD") investigations of crystalline silicon photovoltaic ("CSPV") products from the People's Republic of China ("PRC").  See Certain [CSPV] Products from the [PRC], 79 Fed. Reg. 76,970 (Dep't Commerce Dec. 23, 2014) (final determination of sales at less than fair value) ("Final AD Determination"); Countervailing Duty [("CVD")] Investigation of Certain [CSPV] Products from the [PRC], 79 Fed. Reg. 76,962 (Dep't Commerce Dec. 23, 2014) (final affirmative CVD determination) ("Final CVD Determination"); [CSPV] Products from the [PRC]: Scope Ruling on [Aireko's] Solar Modules Composed of U.S.-origin Cells, Nov. 12, 2015, ECF No. 16-4 ("Scope Ruling").  Commerce imposed antidumping and countervailing duties on the importation of solar cells and modules, laminates and/or panels containing solar cells imported or sold for importation to the United States from the PRC.  Certain [CSPV] Products from the [PRC], 80 Fed. Reg. 8,592 (Dep't Commerce Feb. 18, 2015) (antidumping [("AD")] duty order; and am. final affirmative [CVD] determination and [CVD] order) ("AD/CVD Orders").

Plaintiff contests as contrary to law and unsupported by substantial evidence Commerce's determination that Aireko's solar modules are within the scope of the AD/CVD Orders.  See Pl.'s Mot. & Br. at 5, 6–11.  Aireko also contends that the U.S. Customs and Border Protection ("CBP") assessed AD/CVD duties retroactively, in a manner contrary to law.  See id. at 5, 8–9.  Defendant and Defendant-Intervenor SolarWorld Americas, Inc. ("SolarWorld") argue that because Aireko's solar modules meet the physical description of the merchandise covered in the AD/CVD orders, the court should affirm Commerce's Scope Ruling.  See Def.'s Opp'n Br. to Pl.'s R. 56.2 Mot. J.

Agency R. at 8–14, Oct. 1, 2019, ECF No. 59 ("Def.'s Br."); Def.-Intervenor [SolarWorld's]

Resp. to Mot. J. Agency R. at 1–2, Oct. 1, 2019, ECF No. 60.  Defendant further contends

that this Court lacks jurisdiction over Aireko's claim that CBP assessed duties

retroactively.  See Def.'s Br. at 8, 14–16.  For the reasons that follow, the court sustains

Commerce's Scope Ruling.  Further, the court lacks jurisdiction over a claim that CBP

retroactively assessed antidumping duties.

## BACKGROUND

Following its AD/CVD investigations concerning imports of CSPV products from

the PRC and Taiwan, see Certain [CSPV] Products from the [PRC] and Taiwan, 79 Fed.

Reg. 4,661 (Dep't Commerce Jan. 29 2014) (initiation of [AD] investigations); see also

Certain [CSPV] Products from the [PRC], 79 Fed. Reg. 4,667 (Dep't Commerce Jan. 29,

2014) (initiation of [CVD] investigation), Commerce issued final AD/CVD determinations

that defined the scope of subject merchandise as, inter alia, "modules laminates and/or

panels assembled in the [PRC] consisting of [CSPV] cells produced in a customs territory

other than the PRC."  Final AD Determination, 79 Fed. Reg. at 76,972; Final CVD

Determination, 79 Fed. Reg. at 76,963 (collectively, "Final AD/CVD Determinations").

In 2015, interested parties appealed these determinations, contending that

Commerce's final scope determinations departed from Commerce's prior rule to

determine country of origin.  See SunPower Corp. v. United States, 40 CIT __, __, 179

F. Supp. 3d 1286, 1288 (2016) ("SunPower I").  The court reviewed Commerce's decision

to assess country of origin based on country of assembly rather than by applying the

"substantial transformation" test[1] it had used in prior investigations of CSPV products from the PRC ("Solar I investigations").   Id. at 1289–93 (2016).[2]   It remanded, for further explanation, this apparent departure from the Solar I investigations in determining solar panels' country of origin.   Id. at 1300–08.   Following remand, the court sustained Commerce's redetermination.   See SunPower Corp. v. United States, 41 CIT __, __, 253 F. Supp. 3d 1275, 1294 (2017) ("SunPower II").   Specifically, the court considered Commerce's explanation reasonable that it had applied a country of assembly test, rather than the substantial transformation test, to address allegations of injurious antidumping and subsidization with respect to solar panel assembly in the PRC.   Id. at 1288–90.   The

---

[1] Commerce, when applying the substantial transformation test, determines whether, "as a result of manufacturing or processing steps . . . [,] the [product] loses its identity and is transformed into a new product having a new name, character and use" and, consequently, takes on the country of origin where that transformation occurred.  Bell Supply Co., LLC v. United States, 888 F.3d 1222, 1228 (Fed. Cir. 2018) (quoting Bestfoods v. United States, 165 F.3d 1371, 1373 (Fed. Cir. 1999)) (internal quotations omitted).

[2] In the Solar I investigations, Commerce investigated CSPV cells, whether or not assembled into modules, from the PRC.  See [CSPVs], Whether or Not Assembled Into Modules, from the [PRC], 77 Fed. Reg. 63,791 (Dep't Commerce Oct. 17, 2012) (final determination of sales at less than fair value, and affirmative final determination of critical circumstances, in part) ("Solar I Final AD Determination");   [CSPVs], Whether or Not Assembled Into Modules, from the [PRC], 77 Fed. Reg. 63,788 (Dep't Commerce Oct. 17, 2012) (final affirmative [CVD] determination and final affirmative critical circumstances determination).   Commerce applied the substantial transformation test to determine country of origin for solar modules assembled using CSPV cells produced in the PRC and third countries.  See Solar I Final AD Determination, 77 Fed. Reg. at 63,791 and accompanying Issues and Decision Memo. at 5–9, A-570-979, Oct. 9, 2012, available at  https://enforcement.trade.gov/frn/summary/prc/2012-25580-1.pdf (last visited Jan. 7, 2020) ("Solar I IDM").  Commerce determined that solar module assembly did not substantially transform the CSPV cells such that assembly changed the country of origin.  See Solar I IDM at 5–6. Therefore, the scope of the investigation, and the resultant orders, did not cover solar modules assembled in the PRC using third-country CSPV cells.  See id.; see also [CSPV] Cells, Whether or Not Assembled Into Modules, From the [PRC], 77 Fed. Reg. 73,018 (Dep't Commerce Dec. 7, 2012) (amended final determination of sales at less than fair value and [AD] order); [CSPV] Cells, Whether or Not Assembled Into Modules, From the [PRC], 77 Fed. Reg. 73,017 (Dep't Commerce Dec. 7, 2012) ([CVD] order).

Court of Appeals for the Federal Circuit affirmed.  <u>Canadian Solar, Inc. v. United States</u>, 918 F.3d 909, 917–22 (Fed. Cir. 2019).

Aireko did not participate as an interested party in the <u>SunPower II</u> proceedings. Instead, it filed a scope ruling request on August 17, 2015, asking Commerce to find that its solar panels were outside the AD/CVD Orders' scope.  <u>See</u> Scope Ruling Request Regarding [Aireko's] Imported CSPV Products at 1, PD 1, bar code 3299166-01 (July 17, 2015) ("Scope Ruling Request").[3]  Commerce declined.  <u>See</u> Scope Ruling at 1.  On December 11, 2015, Aireko appealed Commerce's Scope Ruling.  <u>See</u> Summons, Dec. 11, 2015, ECF No. 1; Complaint, Dec. 12, 2015, ECF No. 4.  Given that Aireko appealed the Scope Ruling as interested parties were challenging <u>SunPower II</u>, the court stayed Aireko's case pending the disposition and appeals of <u>SunPower II</u>.  <u>See</u> Order, Mar. 4, 2016, ECF No. 22; Order, July 14, 2016, ECF No. 27; Order, Oct. 20, 2017, ECF No. 50.[4] The court lifted the stay on June 6, 2019, following the issuance of the Court of Appeals for the Federal Circuit's decision in <u>Canadian Solar</u>.  <u>See</u> Order, June 6, 2019, ECF No. 55.

---

[3] On January 7, 2016, Defendant filed indices to the public administrative records underlying Commerce's scope ruling in its antidumping and countervailing duty orders on certain CSPV products from the PRC, on the docket, at ECF No. 16-2–3.  Citations to administrative records in this opinion are to the numbers Commerce assigned to such documents in the antidumping administrative index.

[4] This consolidated action was originally assigned to Judge Donald J. Pogue.  On November 17, 2016, pursuant to U.S. Court of International Trade Rule 77(e)(4) and 28 U.S.C. § 253(c) (2012), the case was reassigned following Judge Pogue's death.  Order of Reassignment, Nov. 17, 2016, ECF No. 34.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction over Plaintiff's challenge to the Scope Ruling under 19 U.S.C. § 1516a(a)(2)(B)(vi) (2012)[5] and 28 U.S.C. § 1581(c), which grant the court authority to review actions contesting scope determinations that find certain merchandise to be within the class or kind of merchandise described in an antidumping or countervailing duty order.  The court must "hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law[.]"  19 U.S.C. § 1516a(b)(1)(B)(i).  As for Plaintiff's challenge to CBPs assessment of duties and liquidation of entries, the court lacks jurisdiction as discussed more fully below.

## DISCUSSION

### I.  Commerce's Scope Ruling

Plaintiff challenges Commerce's determination that Aireko's solar modules were within the scope of the AD/CVD Orders as contrary to law and unsupported by substantial evidence.  See Pl.'s Mot. & Br. at 5–7, 10–11.  According to Aireko, Commerce's Scope Ruling "impermissibly expanded the scope of the [AD/CVD] Orders in a manner inconsistent with the terms of the Orders[.]"  Id. at 5.  Defendant counters, to the extent that Aireko challenges the lawfulness of scope language, that Canadian Solar's holding binds this Court.  Id. at 12–13.  Defendant also contends that the Scope Ruling should be affirmed because Aireko does not dispute that its solar modules fall within the Scope

---

[5] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

Ruling's language.  <u>See</u> Def.'s Br. at 8–14.  For the reasons that follow, Commerce's

Scope Ruling is in accordance with law and supported by substantial evidence.

An antidumping or countervailing duty order must "include[] a description of the

subject merchandise, in such detail as the administering authority deems necessary[.]"

19 U.S.C. §§ 1671e(a)(2), 1673e(a)(2); <u>see also</u> <u>Duferco Steel, Inc. v. United States</u>, 296

F.3d 1087, 1096 (Fed. Cir. 2002).  This description is referred to as the scope.  The statute

further defines subject merchandise as "the class or kind of merchandise that is within the

scope of an investigation, a review, a suspension agreement, [or] an order[.]"  19 U.S.C.

§ 1677(25).  The language of an order dictates its scope, and the words of an order serve

as the basis for the inclusion or exclusion of merchandise within the scope of the order.

<u>Duferco</u>, 296 F.3d at 1096–97.

Commerce's regulations outline the necessary steps for assessing whether a

product is included within the scope of an order.  <u>See</u> 19 C.F.R. § 351.225 (2015).

Commerce will take into account "[t]he descriptions of the merchandise contained in the

petition, the initial investigation, and the determinations of the Secretary (including prior

scope determinations) and the Commission."  19 C.F.R. § 351.225(k)(1).  Should these

"(k)(1) factors" not be dispositive, Commerce will then turn to subsection (k)(2), which lists

the following "(k)(2) factors" to consider: "(i) [t]he physical characteristics of the product;

(ii) [t]he expectations of the ultimate purchasers; (iii) [t]he ultimate use of the product; (iv)

[t]he channels of trade in which the product is sold; and (v) [t]he manner in which the

product is advertised and displayed."  19 C.F.R. § 351.225(k)(2).  Commerce may not

interpret an order "so as to change the scope of that order, nor can Commerce interpret

an order in a manner contrary to its terms." Eckstrom Indus., Inc. v. United States, 254

F.3d 1068, 1072 (Fed. Cir. 2001) (citing Wheatland Tube Co. v. United States, 161 F.3d

1365, 1370 (Fed. Cir. 1998)).

Aireko's contrary to law challenge centers on Commerce's alleged failure to

consider its prior scope determinations in Solar I and, as a consequence, Aireko alleges

that the Scope Ruling is unlawful. See Pl.'s Mot. & Br. at 6–7. Specifically, Aireko notes

that here, unlike the prior Solar I determinations, Commerce determined that solar cell

origin, not assembly of solar panels, conferred country of origin. See id. However, to the

extent that Aireko contends that Commerce deviated from existing precedent, that

precedent does not concern the construction of the scope language but the validity of the

scope language itself. Compare 19 U.S.C. § 1516a(a)(2)(B)(vi) and 19 C.F.R. §

351.225(c)(1) (A scope ruling is a determination as to "as to whether a particular product

is within the scope of an order") with 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. §

1581(c) (2012) (granting the court authority to review final determinations). Therefore,

Aireko's argument that Commerce unlawfully "ignored" precedent that CSPV cells' origin,

not assembly, confer origin is inapposite to its scope ruling challenge. See Pl.'s Mot. &

Br. at 7.

Moreover, as explained above, the Court of Appeals for the Federal Circuit's

decision in Canadian Solar upheld the scope language in the AD/CVD Final

Determinations. See 918 F.3d at 918–22.[6] Aireko, nonetheless, attempts to argue

---

[6] Specifically, in Canadian Solar, the Court of Appeals for the Federal Circuit upheld Commerce's decision to not apply the substantial transformation test, finding its country of assembly test to be reasonable and based on adequate explanation. See 918 F.3d at 918–22.

around that holding, contending that the decision is not binding here because Aireko did

not participate in the litigation.  See Pl.'s Mot. & Br. at 10.  Aireko is mistaken.[7]  Decisions

of the Court of Appeals for the Federal Circuit bind this Court, unless overruled by an en

banc decision by that court or by the Supreme Court.  Cemex, S.A. v. United States, 384

F.3d 1314, 1321 n.5 (Fed. Cir. 2004).  Further, in challenging the very same AD/CVD

Orders at issue in Canadian Solar, Aireko makes arguments akin to those raised by

appellants regarding Commerce's application of a country of assembly test that were

rejected by that court.  Compare Pl.'s Mot. & Br. at 10 with Canadian Solar, 918 F.3d at

918–22.  Here, the ruling in Canadian Solar compels the conclusion that the AD/CVD

Order's scope language is valid.

      Further, Commerce's determination that Aireko's solar modules fell within the

scope of the AD/CVD Orders is supported by substantial evidence because, consistent

with the (k)(1) factors, Commerce reasonably evaluated the descriptions of merchandise

contained in the Scope Ruling Request and initial investigation as well as prior scope

determinations.[8]  First, Commerce looked to Aireko's Scope Ruling Request, which

described the merchandise as "solar modules assembled in the PRC" that contain solar

cells "not manufactured in the PRC."  See Scope Ruling at 5 (citing Scope Ruling Request

---

[7] Aireko is also mistaken to suggest that the decision in Canadian Solar results in an inconsistency with U.S. Customs and Border Protection's ("CBP") country of origin determinations.  See Pl.'s Mot. & Br. at 10.  CBP makes country of origin determinations under a different authority than that by which Commerce determines country of origin for purposes of applying AD/CVD duties.  See, e.g., 19 U.S.C. § 1304; see also SunEdison, Inc. v. United States, 40 CIT __, __, 179 F. Supp. 3d 1309, 1323 n.77 (2016) (explaining that CBP's country of origin determinations are inapposite to Commerce's country of origin determinations).

[8] Aireko does not challenge Commerce not reaching, and not considering, (k)(2) factors in the Final Scope Ruling.

at 3).  Second, Commerce noted that the AD/CVD Orders state that "subject merchandise includes modules . . . assembled in the PRC consisting of [CSPV] cells in a customs territory other than the PRC" and, therefore, determined that the AD/CVD Orders "explicitly include modules assembled in the PRC consisting of solar cells produced in a third-country (e.g., the United States)."  Id. Third, Commerce further explained that, for the Final AD/CVD Determinations, it had clarified the initial scope language to "include[] all modules, laminates and/or panels assembled in the PRC that contain [CSPV] cells produced in a customs territory other than the PRC."  Id. (citing Issues and Decision Memo. in the [CVD] Investigation of [CSPV] Products from the [PRC] at 36, C-570-011 (Dec. 15, 2014), https://enforcement.trade.gov/frn/summary/prc/2014-30071-1.pdf (last visited Jan. 7, 2020)).[9]  Given the foregoing factors, Commerce reasonably determined that, because Aireko's solar modules are assembled from U.S.-origin solar cells, the modules are within the scope of the Final AD/CVD Orders.

## II.  CBP's Assessment of AD Duties and Liquidation of Entries

Aireko contends that CBP assessed AD/CVD duties retroactively, in a manner contrary to law, and requests the court to order reliquidation of three entries at the rate of duty applicable at time of entry.  See Pl.'s Mot. & Br. at 5, 8–9; see also Pl.'s Reply Br. at 6–10.  Defendant counters that Aireko must await the denial of a protest and pay the liquidated duties, to establish a jurisdictional basis for the court to consider Aireko's claim.

---

[9] Commerce also explained that it had rejected an exemption for solar products assembled from U.S.-origin solar cells.  See Scope Ruling at 5 (citing Final Countervailing Duty Decision Memo. at 54–55).

<u>See</u> Def.'s Br. at 14–16.  For the reasons that follow, the court finds that it lacks jurisdiction to review Aireko's claim that CBP assessed AD/CVD duties retroactively.[10]

Aireko invokes 28 U.S.C. § 1581(c) as the basis for jurisdiction, which grants this Court exclusive jurisdiction to review, inter alia, Commerce's scope ruling determinations. <u>See</u> Compl. at ¶ 1.  Pursuant to section 1581(c), the court has jurisdiction to review any action commenced under, as here, section 516A of the Tariff Act of 1930, namely, a determination by Commerce "as to whether a particular type of merchandise is within the class or kind of merchandise described in an existing . . . antidumping or countervailing duty order."  <u>See</u> 28 U.S.C. § 1581(c); 19 U.S.C. § 1516a.  Aireko, however, alleges that CBP erroneously liquidated its entries.[11]  The jurisdictional foundation for Aireko to contest a scope ruling does not also support a challenge to CBP's actions which would include CBP's decisions incident to liquidation.  Likewise, no other provision of section 1581(c) would support jurisdiction.  28 U.S.C. § 1581(c).  Therefore, the court lacks jurisdiction to review this claim.  <u>Compare</u> 28 U.S.C. § 1581(c) <u>with</u> 28 U.S.C. § 1581(a).[12]

---

[10] Defendant contends that Plaintiff had waived any claim regarding alleged retroactive liquidation of AD/CVD duties, because it was not raised in the complaint.  <u>See</u> Def.'s Br. at 15.  Given that the court lacks jurisdiction over this challenge, the court does not reach this issue.

[11] Specifically, Aireko appears to argue that CBP, in liquidating its three entries of solar modules, had failed to perform its ministerial function and follow Commerce's instructions to assess duties on subject merchandise entered on or after December 23, 2014.  <u>See</u> Pl.'s Mot. & Br. at 8; <u>see also</u> Customs Instructions from USDOC to CBP Pertaining to Aireko, PD 10, bar code 3427260-01 (Dec. 18, 2015).  According to Aireko, it elected as the date of its three entries to be December 19, 2014 and December 21, 2014 on CBP Form 3461.  <u>See</u> Pl.'s Mot. & Br. at 9.  These entry dates differ from those listed on the entry documentation attached to Aireko's scope ruling request.  <u>See</u> Scope Ruling Request at Ex. 2.  Aireko's claim therefore relates to CBP's determination fixing the date of entry.  <u>See</u> Pl.'s Mot. & Br. at 8–9 (citing 19 C.F.R. 141.68(a)(2)).

[12] The liquidation of entries is a protestable decision, <u>see</u> 19 U.S.C. § 1514(a)(5), and, by statute, the Court has exclusive jurisdiction over actions "to contest the denial of a protest[.]"  28 U.S.C. § 1581(a).  Therefore, for Aireko to invoke jurisdiction over CBP's liquidation of its entries, Aireko must have filed a timely protest that is ultimately denied and pay all liquidated duties and charges.

**CONCLUSION**

For the foregoing reasons, the court sustains Commerce's determination that the solar modules of Aireko Construction, LLC, are subject to the antidumping and countervailing duty orders covering crystalline silicon photovoltaic products from the People's Republic of China.  Judgment will enter accordingly.


   /s/ Claire R. Kelly
Claire R. Kelly, Judge


Dated: January 13, 2020
         New York, New York

---

See 28 U.S.C. § 2637(a); see also 28 U.S.C. § 1581(a).  Aireko indicates that it has only filed a protest; it has not paid the liquidated duties.  See Pl.'s Reply Br. at 9.  Even assuming Aireko had a claim that CBP assessed AD/CVD duties retroactively, the court could not review Aireko's challenge unless and until all jurisdictional prerequisites under 28 U.S.C. § 1581(a) are met.